**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOMINIQUE RAMON SULLIVAN,<br>Plaintiff,<br>v.<br>COUNTY OF SAN JOAQUIN, et al.,<br>Defendants. | No. 2:26-cv-0933-ICD-P<br><br>ORDER |

Plaintiff, who is proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated, even if the litigant was subsequently released from custody. *See Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it

is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's complaint, ECF No. 1. Plaintiff names the following as Defendants: (1) County of San Joaquin; (2) California Department of Corrections and Rehabilitation (CDCR); (3) Forward, Inc.; (4) Dr. Chitiri; (5) Warden Vang; (6) Gena Jones (Director of CDCR) and; (7-26) John Does. *Id.*

Plaintiff claims violation of the Eighth Amendment's protections against cruel and unusual punishment. ECF No. 1 at 5-6. In Plaintiff's Claim 1, he alleges that defendants subjected him to unconstitutional conditions of confinement by exposing him to contaminated drinking water and toxic air at the California Health Care Facility in Stockton. *Id.* He claims the facility is located near the Stockton landfill and that inmates have been forced to consume water contaminated with hazardous chemicals, including chloroform and carbon tetrachloride, and breathe noxious fumes associated with landfill operations. *Id.*

Plaintiff claims, as an alternative constitutional theory, a violation of the Fourteenth Amendment's Substantive Due Process protections. *Id.* at 7. In Plaintiff's Claim 2, he alleges that defendants violated his substantive due process rights by knowingly exposing him to environmental contamination that threatened his life, health, and bodily integrity. He claims defendants' conduct was arbitrary, conscience-shocking, and deprived him of personal security and bodily autonomy without justification. *Id.*

Plaintiff claims gross negligence under California state law. *Id.* at 9. Plaintiff alleges that defendants owed him a duty of care to provide safe housing conditions, potable water, and a healthy living environment, and that they breached that duty by allowing toxic environmental conditions to persist. He contends that defendants ignored warnings, complaints, and known contamination issues despite the foreseeable risk of serious injury. *Id.*

Plaintiff claims Defendants violated international law recognizing human rights norms prohibiting cruel, inhumane, and degrading treatment. *Id.* at 11. Plaintiff contends that forcing prisoners to consume contaminated water and live in a polluted environment constituted

inhumane and degrading treatment under international standards. He argues that exposing inmates to potentially lethal environmental hazards is inconsistent with basic human dignity and accepted international norms governing treatment of persons in custody. *Id.*

## II. DISCUSSION

Plaintiff claims violations of his rights by various prison staff. The Court finds that Plaintiff has failed to properly plead causes of action against the Defendants.

### A. Defendants without a causal link

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff fails to allege facts which establish an actual connection between the actions of many defendants and the alleged deprivations of his constitutional rights. *See Monell*, 436 U.S. 658. Plaintiff does not provide specific allegations of any actions by Defendants Forward, Inc., Dr. Chitiri, Warden Vang, Gena Jones, and John Does 1-20. Plaintiff complains of conditions in the correctional facility without establishing how any of these Defendants contributed to the conditions. For this reason, these Defendants are dismissed.

### B. California Department of Corrections and Rehabilitation

Even if the court were to find that plaintiff sufficiently alleges Eighth Amendment claims, Plaintiff's claim against CDCR is barred by Eleventh Amendment immunity. The Eleventh Amendment generally prohibits federal courts from hearing a section 1983 lawsuit in which

damages or injunctive relief is sought against a state or its agencies (such as CDCR), unless the state has waived its immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court. . . ." *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999). A narrow exception exists under the *Ex Parte Young* doctrine that allows prospective injunctive relief against state officials sued in their official capacities. *See Will*, 491 U.S. at 71 n.10 (1989). However it does not appear that Plaintiff asserts claims against any individual state officials in their official capacities, nor that there is an alleged causal link between any officials and the conditions complained of. It is possible that Plaintiff might plead such claims, therefore he will be granted an opportunity to submit an amended complaint. As pled, the *Ex Parte Young* exception does not apply and Plaintiff's 1983 claim against CDCR is barred by Eleventh Amendment immunity.

**C. San Joaquin County**

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. *See Monell*, 436 U.S. at 690. Counties and municipal government officials are also "persons" for purposes of § 1983. *See id.* at 691; *see also Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. *See Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. *See id.* To assert municipal liability, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. *See id.* Here Plaintiff does not provide specific allegations as to how San Joaquin County is responsible for the conditions he complains of.

**III. CONCLUSION**

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. *See Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is

informed that, as a general rule, an amended complaint supersedes the original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. *See* E.D. Cal. L.R. 220. An amended complaint must be complete in itself without reference to any prior pleading. *See id.*

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff’s constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980), abrogated on other grounds by *Kay v. Ehrler*, 499 U.S. 432 (1991). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant’s actions and the claimed deprivation. *See May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. *See Ferdik*, 963 F.2d at 1260-61; *see also* Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court’s discretion, be dismissed with prejudice pursuant to Rule 41(b). *See Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff’s complaint is DISMISSED with leave to amend.

2. Plaintiff shall file a first amended complaint within **30 days** of the date of service of this order.

Dated: November 13, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE